UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONAL G. TURNER,

                              Plaintiff,

                    -against-

DENIS McDONOUGH, SECRETARY,
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS, et al.,

                              Defendants.

22-CV-7106 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. §§ 1983 and 1985, asserting witness tampering and other claims arising out of the trial of an employment discrimination case he previously brought in this court, *Turner v. McDonough*, No. 18-CV-4038 (AEK) (S.D.N.Y. Nov. 19, 2021). Plaintiff paid the filing fees to initiate this action. For the reasons set forth in this order, the Court dismisses the action.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest,*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In 2018, Plaintiff, who is African American and employed by the Department of Veterans

Affairs ("VA") in Montrose, New York, filed an action in this court against the Secretary of the

United States Department of Veteran Affairs,[1] asserting claims under Title VII of the Civil

Rights Act of 1964 and the New York State Human Rights Law for discrimination based on race.

ECF 7:18-CV-4038, 2. On November 10, 2021, the action proceeded to a jury trial before

Magistrate Judge Andrew E. Krause and, on November 18, 2021, the jury reached a unanimous

verdict in favor of Defendant. ECF 7:18-CV-4038, 118.

Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1985, asserting claims under the

Fifth and Fourteenth Amendments to the Constitution. He names as defendants Dennis

McDonough, the Secretary of the VA, and five employees of the VA in Montrose, New York −

Angela Watford, Craig Crawford, Patty Cole, Pedro Gonzalez, and Julia Anderson. Plaintiff

asserts that there was witness tampering and that other irregularities occurred at the trial, in

which he was represented by several attorneys. He seeks an investigation to determine whether a

crime occurred and money damages.

The following assertions are taken from the complaint. Angela Watford, an African

American woman employed at the Montrose VA, had agreed to testify on Plaintiff's behalf that,

at a Christmas party in 2012, Julia Anderson, the "[w]hite female" Chief of Recreation of the

---

[1] Plaintiff brought the action against Robert L. Wilkie, who was then the Acting Secretary of the United States Department of Veterans Affairs. Denis R. McDonough, who became the Secretary of United States Department of Veterans Affairs in February 2021, was automatically substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Montrose VA, had called Watford "ghetto" and that Anderson "had a history of making racist comments in her presence." (*Id*.) However, at Plaintiff's trial, Watford changed her testimony, telling a "different story that favored the defendant" and denied that Anderson called her ghetto, although Anderson admitted under oath that she often referred to Watford as ghetto. (*Id*.) Plaintiff "believe[s] coercion, intimidation or a quid pro quo was used to change her testimony." (*Id*.)

Craig Crawford, an African American man employed at Montrose VA, had also agreed to testify on Plaintiff's behalf that Anderson had made racist remarks to him. He had previously given such testimony at a 2019 deposition for the case. When the case was scheduled for trial, Plaintiff asked Crawford if he was still willing to testify on his behalf, and Crawford responded yes. Crawford also shared with Plaintiff that he had experienced "disciplinary problems" because he had "illegally accessed information for the benefit of one of his family members." (*Id*.) However, instead of being fired, Crawford received lenient treatment from the Administrative Director of the Montrose VA, only getting a suspension. Crawford suggested that Plaintiff settle his discrimination case instead of going to trial, indicating that the Administrative Director was a "nice person." (*Id*.) At the time, Plaintiff found the comment "odd," but Crawford later "gave contradictory testimony" about Anderson's racist comments at trial. (*Id*.)

Plaintiff relates that, "[a]nother irregularity during the proceedings of [his] trial" was that the attorneys representing him "were not allowed to talk to [Watford and Crawford] for a lengthy period of time before trial," while the VA faced no such restrictions. Only about a week before trial were the attorneys given permission to talk to the two witnesses, "which proved to be a disadvantage for the plaintiff and an advantage for the defendant." (*Id*. at 9-10.) Plaintiff learned after the trial that candidates for the Recreation Supervisor position at the Montrose VA were brought to an administrative building "to be questioned and interrogated about [his]

discrimination lawsuit against the VA." (*Id*. at 10.) It was also "noticeable" during the trial that

two witnesses, Patty Cole and Pedro Gonzalez, "tried to besmirch [Plaintiff] by making up

untrue stories about [his] work performance." (*Id*.)

Plaintiff believes that his case was "mishandled," with witness tampering before and

during the trial, and he thinks that "this federal discrimination lawsuit should be thoroughly

investigated to determine if, equality, fairness and justice was done." (*Id*.)

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1985, asserting claims under the

Fifth and Fourteenth Amendments to the Constitution. Because Plaintiff alleges that his

constitutional rights were violated by employees of the federal government, the Court liberally

construes the complaint as asserting claims under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971) rather than Section 1983.[2] *See Ashcroft v.*

*Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state

officials under [Section 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014)

(holding that district court properly construed Section 1983 claims brought against federal

employee as arising under *Bivens*). However, as detailed below, Defendants are immune from

---

[2] To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

As federal courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983, case law applying to claims brought under Section 1983 may be used to address issues in claims under *Bivens*. *See Butz v. Economou*, 438 U.S. 478, 498-501 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2d Cir. 2012) (summary order) ("[Plaintiff]'s constitutional claims against federal officials are properly analyzed as claims pursuant to *Bivens* . . . rather than 42 U.S.C. § 1983.").

suit, and therefore, the Court need not reach the issue of whether Plaintiff has implied causes of action under *Bivens.*[3]

## A.    Sovereign Immunity

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Federal agencies and federal officials in their official capacities are also immune from suit for constitutional torts. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that *Bivens* provides no cause of action against the United States or its agencies); *see also Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ.*, No. 16-CV-6795, 2017 WL 4286658, at *7 (S.D.N.Y. Sept. 26, 2017) (holding that Sections 1983 and 1985 are "inapplicable to the federal government," and therefore a plaintiff cannot bring such claims against the United States and individual federal officials sued in their official capacity); *Jones v. Nat'l Commc'n & Surveillance Networks,* 409 F.Supp.2d 456, 466 (S.D.N.Y.2006) (the United States has not waived sovereign immunity for claims under Sections 1983 and 1985). *Harrison v. Potter*, 323 F. Supp. 2d 593, 604–05 (S.D.N.Y. 2004) (Sections 1983 and 1985 "do[es] not provide a remedy against the federal government."); *Hightower v. United States*, 205 F. Supp. 2d 146, 155 (S.D.N.Y. 2002) (the United States has not consented to be sued under *Bivens*).

Plaintiff names McDonough as a defendant in this action, but he makes no allegations that McDonough was personally involved in violating his rights, as is required for an individual-capacity claim. Rather, he seeks to hold McDonough responsible for the alleged witness tampering and other irregularities at the trial of his discrimination case because he is the

---

[3] Though, typically, "the *Bivens* question . . . is 'antecedent' to the other questions presented," *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (citing *Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014)), the Supreme Court has endorsed "disposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy," *Id*. at 2007.

Secretary of the VA. Plaintiff is therefore asserting claims against McDonough solely in his official capacity. Because Plaintiff has not sued McDonough under any statute that abrogates the United States' sovereign immunity, Plaintiff's claims for damages under *Bivens* and Section 1985 against McDonough in his official capacity must be dismissed because this defendant is immune from suit.[4]

**B.    Witness Immunity**

Plaintiff brings claims against Watford, Crawford, Cole, Gonzalez, and Anderson for damages arising from their testimony in favor of the VA at his employment discrimination trial. However, Plaintiff fails to state a claim for relief against these defendants. Witnesses are absolutely immune from liability for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (relying on *Briscoe v. LaHue*, 460 U.S. 325 (1983)). The United States Supreme Court has concluded that "[w]ithout absolute immunity for witnesses . . . , the truth-seeking process at trial would be impaired. Witnesses 'might be reluctant to come forward to testify,' and even if a witness took the stand, the witness 'might be inclined to shade his testimony in favor of the potential plaintiff' for 'fear of subsequent liability.'" (*Id.*) (quoting *Briscoe*, 460 U.S. at 333). The Supreme Court has reasoned that "the possibility of civil liability was not needed to deter false testimony at trial because other sanctions – chiefly prosecution for perjury – provided a sufficient deterrent." *Id.* (citing *Briscoe*, 460 U.S. at 342). The Court therefore dismisses all of Plaintiff's claims against Watford,

---

[4] The Court notes that it was appropriate to name McDonough as the defendant in Plaintiff's prior case because employment discrimination actions brought by government employees under Title VII must be brought against the head of the agency in which the allegedly discriminatory acts occurred. *See* 42 U.S.C. § 2000e–16(c) (a complainant may raise an administratively exhausted claim under Title VII against the "head of the department, agency, or unit); *see McMahon v. Napolitano*, No. 13-CV-1404, 2013 WL 1410382, at *1 (E.D.N.Y. Apr. 8, 2013) (In a case against a "federal agency or department, only the official Agency or Department head may be named.").

Crawford, Cole, Gonzalez, and Anderson because they enjoy immunity for their testimony at trial.

## C.        Private Prosecution

The Court must also dismiss Plaintiff's claim in which he seeks a criminal investigation or the arrest of individuals he alleges harmed him. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against any defendant because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court . . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), the Court dismisses, for lack of subject-matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of any of the defendants for the alleged witness tampering or other claims arising from the trial of the employment discrimination case, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation omitted).[5]

## D.        Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

---

[5] To the extent Plaintiff is seeking relief from the judgment issued in his employment discrimination case, he should note that the appropriate vehicle to seek such relief is not a new action, but rather through the filing of a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment in the case or an appeal to the United States Court of Appeal for the Second Circuit. This Court has no authority in this new filing to grant Plaintiff relief from the judgment issued in his employment discrimination action.

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint because he seeks relief from immune

defendants, and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). All other

pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

           /s/ Laura Taylor Swain
             LAURA TAYLOR SWAIN
          Chief United States District Judge